UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-23256-ALTMAN

**ROBERTO MARQUEZ-DIAZ**,

    *Petitioner*,

v.

**GARRETT RIPA**, *in his official capacity as Field Office Director, Florida Region, et al.*,

    *Respondents*.

_____/

## ORDER DENYING EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER

Our Petitioner, Roberto Marquez-Diaz, "is in federal immigration custody and is believed to be currently detained at ICE-ERO Center in Miramar, Florida." Petition [ECF No. 1] at 1. The Petitioner believes that U.S. Immigration and Customs Enforcement ("ICE") "will soon relocate Petitioner to the recently opened Everglades Detention Center or another facility outside of the state[,]" and that this "forthcoming relocation . . . will cause him and his family irreparable harm and violate his Fifth Amendment Right to Due Process and Sixth Amendment Right to Counsel." *Id.* at 1–2. The Petitioner therefore wants us to issue "an emergency order to prevent the Respondents from moving him to another detention facility" outside the Southern District of Florida. *Id.* at 2. For the following reasons, we **DENY** this request for a temporary restraining order ("TRO").[1]

---

[1] While we deny the Petitioner's request for a TRO on the merits, we recognize that this request—which was embedded within his petition for a writ of habeas corpus—is procedurally improper. *See Hussain v. Hussain*, 2022 WL 198811, at *1 (M.D. Fla. Jan. 12, 2022) (Howard, J.) ("[T]he Court struck the initial complaint and denied Plaintiffs' embedded request for a temporary restraining order without prejudice to the filing of an appropriate motion."); *Guarantee Co. N. Am. USA v. Gadcon, Inc.*, 2009 WL 5062350, at *1 n.1 (S.D. Ala. Dec. 23, 2009) (Steele, J.) ("Rather than embedding a request for emergency injunctive relief in a pleading, a better practice would be to file separate motions for temporary restraining order and preliminary injunction contemporaneously with the Complaint."); *see also* S.D. FLA. L.R. 7.1(a)(2) (requiring any request "seeking emergency or ex parte relief or a temporary

## THE LAW

A temporary restraining order, unlike a preliminary injunction, "may be issued 'without written or oral notice to the adverse party or its attorney[.]'" *Finkelstein v. Mt. Sinai Med. Ctr. of Fla.*, 2023 WL 6118179, at *2 n.1 (S.D. Fla. Sept. 19, 2023) (Altman, J.) (quoting FED. R. CIV. P. 65(b)(1)). A TRO "is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the TRO . . . is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO . . . would cause to the non-movant; and (d) the TRO . . . would not be averse to the public interest." *Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). Although a "showing of irreparable injury is the sine qua non of injunctive relief[,]" *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (cleaned up), the movant "bears the 'burden of persuasion' to clearly establish *all four* of these prerequisites[,]" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (emphasis added) (citing *Siegel*, 234 F.3d at 1176); *see also Finkelstein*, 2023 WL 6118179, at *2 ("Still, a district court cannot grant a [TRO] unless the moving party satisfies all four of the requirements."). The movant must also "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" FED. R. CIV. P. 65(b)(1)(A); *see also Gentles-Daughtry v. Daughtry*, 2016 WL 8678027, at *2 (S.D. Fla. Jan. 20, 2016) (Cohn, J.) ("Here, the Court will deny Plaintiff's Motion because she has not sufficiently shown that she will suffer an irreparable injury unless the Court enters a temporary restraining order without affording Defendant any opportunity to respond. . . . Plaintiff's motion does not 'convince [the] court that there is immediate and great danger of irreparable injury that necessitates the temporary dispensing of some of the trappings of due process.'" (quoting 11A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2952 (3d ed. 1998))).

---

restraining order" to be filed as a motion). In addition, despite labeling his request for a TRO as an "emergency," the Petitioner hasn't complied with *any* of our requirements for filing emergency motions. *See generally* S.D. FLA. L.R. 7.1(d)(1).

**ANALYSIS**

The Petitioner wants us to issue "a temporary restraining order that Petitioner shall not be transferred outside the Southern District of Florida until further notice from this Honorable Court[.]" Petition at 8. This request is intertwined with the Petition's second ground for relief, which argues that relocation would violate the Petitioner's Sixth Amendment rights "by obstructing counsel's access to the Petitioner, impairing access to in-person confidential communication, frustrating the timely submission of filings, and preventing Petitioner from meaningfully participating in his defense and in the pursuit of immigration relief." *Id.* at 8.[2] After careful review, we find that the Petitioner hasn't met any of the four elements of a TRO.

*First*, the Petitioner isn't likely to succeed on his Sixth Amendment claim. As an initial matter, we doubt that the Petitioner has a Sixth Amendment right to counsel (although he may have the right to counsel under the Fifth Amendment). *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1273 (11th Cir. 2005) ("It is well established in this Circuit that an alien in civil deportation proceedings, while not entitled to a Sixth Amendment right to counsel, has the constitutional right under the Fifth Amendment Due Process Clause right to a fundamentally fair hearing to effective assistance of counsel where counsel has been obtained."); *see also Sessions v. Dimaya*, 584 U.S. 148, 226 n.6 (2018) (Thomas, J., dissenting) ("[T]he Sixth Amendment does not apply in immigration cases like this one."). In any event, we don't see how relocating the Petitioner to an ICE facility outside the Southern District of Florida would violate his right to counsel (under either the Fifth or Sixth Amendments). The Petitioner claims that "[m]any ICE detention facilities do not have resources or facilities for confidential legal calls or videos visits" and that they "are in remote locations." Petition at 8. But these "assertion[s]

---

[2] In his other ground for relief, the Petitioner argues that "[d]etaining Petitioner and preparing to remove him—despite a grant of asylum, binding regulatory protections, and a pending administrative appeal violates the Due Process Clause of the Fifth Amendment." Petition at 7 (cleaned up). Since this ground is unrelated to the proposed TRO (which concerns the Petitioner's relocation to a new facility rather than his detention), it isn't relevant to our decision today.

[are] speculative . . . as Petitioner presents no evidence that he would have no, or effectively no, access to counsel in a different detention facility." *Guerra-Castro v. Parra*, 2025 WL 1984300, at *3 (S.D. Fla. July 17, 2025) (Gayles, J.) And, as Judge Gayles explained, an "alien does not have the right to be detained in a facility that gives him preferred access to counsel." *Ibid.* (citing *Calla-Collado v. Att'y Gen. of the United States*, 663 F.3d 680, 685 (3d Cir. 2011)); *see also, e.g.*, *Merino v. Duke*, 2017 WL 8224447, at *4 (D. Alaska Oct. 16, 2017) ("The DHS has the authority to determine the location of a detained alien in deportation proceedings; Mr. Bautista has not demonstrated that his detention outside of Alaska would violate his constitutional rights."). In short, we find that relocating an alien detainee to a facility that's more inconvenient for counsel to visit doesn't violate the detainee's constitutional rights. *See Avilez v. Barr*, 2020 WL 570987, at *3 (N.D. Cal. Feb. 5, 2020) (Breyer, J.) (explaining that district courts should "dismiss claims that an immigrant detainee's transfer violates the detainee's right to counsel" (citing *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048 (N.D. Cal. 2018))).

*Second*, the Petitioner hasn't shown that he will be irreparably harmed if he's transferred to a new facility. "To demonstrate irreparable harm, a movant must show that the injury cannot be undone through monetary remedies. 'It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury.'" *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020) (Cooke, J.) (cleaned up) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). However, "the asserted irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel*, 234 F.3d at 1176 (cleaned up). Here, the Petitioner alleges that relocating him to a detention facility outside this District "will cause devastating and irreparable harm by obstructing meaningful access to undersigned counsel who is local to South Florida." Petition at 6–7. Again, this is mere conjecture. We have no idea if ICE will choose to move the Petitioner to a detention facility outside the Southern District of Florida. And, even if it does, the Petitioner hasn't proffered any evidence for his view that counsel will be unable to contact him at this new facility or that the Petitioner would be unable to seek

4

redress in the judicial district encompassing his new detention facility. We won't grant the extraordinary remedy of a TRO without proof of "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994).

*Third*, entering a TRO would cause great harm to the Respondents and would be adverse to the public interest. That's because "a district court lacks jurisdiction to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General." *Guerra-Castro*, 2025 WL 1984300, at *2 (citing 8 U.S.C. § 1252(a)(2)(B)); *see also, e.g.*, *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) ("It is therefore apparent that a district court has no jurisdiction to restrain the Attorney General's power to transfer aliens to appropriate facilities by granting injunctive relief[.]"); *Danglar v. Homan*, 2020 WL 13750404, at *2 (N.D. Ala. Feb. 18, 2020) (Maze, J.) ("[T]he court is powerless to order the parties to house Danglar [an alien detainee] in a particular facility."); *Lway Mu v. Whitaker*, 2019 WL 2373883, at *5 (W.D.N.Y. June 4, 2019) ("The Court concludes that it does not have the authority to dictate to DHS where Petitioner should be housed. . . . Petitioner's request for an injunctive relief accordingly is denied as beyond this Court's jurisdiction."). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Granting the Petitioner's TRO would require us to ignore the limits of our own jurisdiction and restrain the Respondents in a way that's contrary to law. Obviously, it would both harm the Respondents and be contrary to the public interest for us to engage in such an illegal and extrajudicial act. *Cf. Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) ("[A] court may not in any case, even in the interest of justice, extend its jurisdiction where none exists[.]").

**CONCLUSION**

Having determined that the Petitioner hasn't satisfied any of the four elements of a TRO, we **ORDER and ADJUDGE** that the Petitioner's emergency request for a temporary restraining order—which was embedded in his Petition [ECF No. 1]—is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida, on July 22, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record